UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RAFAEL  TORRES,                        )
                                       )
                    Petitioner,        )
                                       )
              vs.                      )          No. 1:15-cv-00521-WTL-MPB
                                       )
BRIAN  SMITH,                          )
                                       )
                    Respondent.        )

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Rafael Torres for a writ of habeas corpus challenges a prison disciplinary proceeding identified as IYC 14-12-0016. For the reasons explained in this Entry, Torres' habeas petition must be **denied**.

**Discussion**

**A.  Standard**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

**B. The Disciplinary Hearing**

On December 2, 2014, Sergeant Fugate issued a Report of Conduct charging Torres with

possession of a cellular device in violation of Code A-121. The Report of Conduct states:

> At approximately 8:45 AM on 12-2-2014 I, Sergeant B. Fugate conducted a search
> of Offender Torres, Rafael #144059 in bed D4-4U in Housing Unit North. During
> this search I did find a blue book light in his property box that had been altered in
> to a cell phone charger. I continued my search of the area finding a black and blue
> Samsung flip phone in the window at the head of D4-1. I secured the contraband
> and continued search which did not produce any further contraband.

Torres was notified of the charge on December 5, 2014, when he was served with the

Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening

Officer noted that Torres wanted to call Offenders Nathan Winings, Brandon Stucker, and Mark

Coffey as witnesses and that he requested the cell phone as evidence. Torres also requested prison

policy 02-04-101 relating to evidence and the inventory sheet of his property.

Offender Coffey provided the following statement:

> Around 8:30 AM 12-2-14 Offender Torres and I, were looking at cards I draw and
> some coloring books while the officers were searching in the back. The officers
> were searching by the window, when one of the officers said I got it. What they got
> I don't know, but the officers stopped searching and left the unit.

Offender Stucker also prepared a statement:

> My name is Brandon Stucker DOC #234916, and I would like to clear up a matter
> concerning my neighbor Ralphael [sic] Torres being charged with something that
> he had nothing to do with. I saw Nathen [sic] at my neighbors [sic] bunk area and
> thought to myself thats [sic] weird, they dont [sic] associate. But not trying to
> meadow [sic] I let it go. The next mourning [sic] I was awoken to C.O.'s searching
> the bed areas. After they were finished I went to Nathen [sic] and asked him if he
> had anything to do with what was found. That is when he told me he stuck a phone
> in the window seal [sic], and then dropped a blue light into a unlocked box nearest
> the wall. I knew this to be my neighbors [sic] that got charged with possession. I
> then had Nathen [sic] talk with Torres and he then told him what happened and that
> he would take the rap.

Offender Winings submitted a statement as well:

> I Nathan Winings DOC # 115248 came over after lunch on 12-1-14 as requested to grab a package that I was supposed to take with me to put up. I never made it across the hall with the package because I panic [sic] when I seen [sic] the officer who knew me so I put the wrapped up case in a window near the wall by Terry Shah's bed. I then saw a[n] unlocked box and dropped the light into it. I used what I thought was Terry Shah's box because the light was to[o] big to fit in the window seal [sic]. I told the person whose package I was holding that I had it with me so he never knew that I left it behind overnight. Torres did not know anything about what I put in his box or in the window near his and his bunkie's bed so when Brandon Stucker told him what I did I told him that I would take full responsibility for my actions.

Torres submitted a statement denying any ownership of the cellular devices but acknowledging that he owned the property box where one was found during the search. The Hearing Officer conducted a disciplinary hearing on December 27, 2014. The Hearing Officer relied upon staff reports, Torres' statement, evidence from witnesses, commissary lists, and additional policy evidence to determine that Torres had violated Code A-121. The sanctions imposed included the deprivation of 120 days of earned credit time and a demotion from credit class I to credit class II (suspended). The Hearing Officer imposed the sanctions because of the seriousness and nature of the offense and the likelihood of the sanction having a corrective effect on the offender's future behavior.

Torres' appeals were denied and he filed the present petition for a writ of habeas corpus.

**C. Analysis**

Torres challenges his disciplinary conviction arguing that the Hearing Officer was not impartial; the Hearing Officer failed to provide an adequate written statement as to the evidence relied on and its reason for its findings; and that he was denied due process during appeals.

1. *Impartial Hearing Officer*

Torres argues that his due process rights were violated because his Hearing Officer was not impartial. A prisoner in a disciplinary action has the right to be heard before an impartial decision maker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decision maker is necessary in

order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson,* 236 F.3d 817, 820 (7th Cir. 2000) (per curiam); *Redding v. Fairman,* 717 F.2d 1105, 1112, 1116 (7th Cir. 1983). Federal courts employ an initial presumption that discipline hearing officers properly discharge their duties. *See Bracy v. Gramley,* 520 U.S. 899, 909 (1997); *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir.2003) ("Adjudicators are entitled to a presumption of honesty and integrity."). Due process is violated when officials who are directly or substantially involved in the factual events underlying the disciplinary charges, or the investigation, also serve on the disciplinary board. *Piggie,* 342 F.3d at 666.

There is no evidence here that the Hearing Officer was involved in any way in the facts underlying the charge or the investigation. Torres seems to base his argument on the fact that the Hearing Officer ruled against him. But this is insufficient to show that the Hearing Officer was not impartial. Accordingly, Torres has failed to show that his due process rights were violated by a partial Hearing Officer.

### 2. *Hearing Officer's Statement*

Torres next argues that he was denied due process because the Hearing Officer failed to provide him with an adequate written statement as to the evidence relied on and the reason for the guilty findings. An inmate subject to disciplinary action is entitled to "a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions" to ensure both administrative accountability and meaningful review. *Wolff,* 418 U.S. at 564-65, But when the charge is straightforward, the Hearing Officer needed only to explain the evidentiary basis and reasoning supporting the decision. *Jemison v. Knight*, 244 F. App'x 39, 42 (7th Cir. 2007). Here the Hearing Officer explained that it relied on staff reports, Torres' statement, offender statements,

commissary lists, and additional policy evidence. This was sufficient to provide an adequate written statement of the evidence.

Torres also contends that the Hearing Officer's decision was based on insufficient evidence. In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786. Although the evidence before the hearing officer must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), the standard of 'some' evidence "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. The determination should be upheld if "there is any evidence in the record that could support the conclusion reached." *Id*. Even "meager" proof will suffice so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id*. This is a "lenient" standard, requiring no more than "a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649,

Here, there was evidence that Sergeant Fugate found a cell phone in the window near Torres' bunk and a blue book light that had been altered into a cell phone charger in Torres' property box. This is sufficient evidence to find Torres guilty of possession of a cellular device.

### 3. *Administrative Appeals*

Torres also challenges the decisions in his administrative appeals, arguing that the Final Review Authority "blatantly lied" in the denial of his appeal by stating that "there is no evidence

of procedural or due process error." He also argues that both the Facility Head and the Final

Review Authority "blatantly disregarded" his arguments. But Torres has provided nothing to

support a finding that his due process rights were violated during his appeals or that there is any

due process right to an appeal at all.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of

the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge,

disciplinary proceedings, or sanctions involved in the events identified in this action, and there

was no constitutional infirmity in the proceedings. Accordingly, Torres' petition for a writ of

habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall

now issue.

### IT IS SO ORDERED.

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 2/3/16

Distribution:

RAFAEL  TORRES
144059
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

All electronically registered counsel